**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Illinois Casualty Company,                                        Civil No. 22-3214 (DWF/DJF)

        Plaintiff,

v.

                                       **MEMORANDUM**
Kladek, Inc. *doing business as* King of                         **OPINION AND ORDER**
Diamonds, Andra Cheri Moreland, April
Puck, Brittany Wilcox, Brooke Marrin,
Denise Trlica, Emily Sears, Ina Schnitzer,
Jaime Longoria, Jamie Middleton, Jennifer
Archuleta, Jessica Burciaga, Jessica
Hinton, Jessica Rockwell, Lina Posada,
Lucy Pinder, Maysa Quy, Rhian Sugden,
Rosie Wicks, Tara Leigh Patrick, and
Ursula Mayes,

        Defendants.

**INTRODUCTION**

This matter is before the Court on Defendant and Counterclaimant Kladek, Inc.'s

("Kladek") motion for an award of attorney fees and costs.  (Doc. No. 76.)  Plaintiff and

Counterclaim Defendant Illinois Casualty Company ("ICC") opposes the motion.  (Doc.

No. 82.)  For the reasons discussed below, the Court grants in part and denies in part the

motion.

**BACKGROUND**

This case centered on whether ICC owed a duty to defend or indemnify Kladek for

claims asserted against Kladek in a separate lawsuit, *Moreland v. Kladek, Inc.*, Civ.

No. 21-1975 (D. Minn.) (the "Underlying Suit").[1]  In the Underlying Suit, a group of models sued Kladek, alleging that Kladek, doing business as King of Diamond's Gentlemen's Club, violated various federal and state laws by using their photos in social media advertisements without consent.  (Civ. No. 21-1975, Doc. No. 1.)  Kladek was insured by ICC under a Businessowners Policy (the "Policy").  (Doc. No. 59 ¶ 4, Ex. B ("Policy").)  Two attachments to the Policy applied:  the Businessowners Liability Coverage Form and the Cyber Protection Endorsement.  (Doc. No. 8 ("FAC") ¶ 44.)

Kladek was served with the Underlying Suit in September 2021.  (Doc. No. 83-1 at 14-15.)  Before Kladek tendered the case to ICC, the DeWitt law firm provided the defense and billed Kladek $28,701.81 for legal services up to December 13, 2021.  (*Id.* at 24-32; Doc. No. 80 ¶¶ 4, 7.)  On December 13, 2021, Kladek first notified ICC of the Underlying Suit and requested a defense.  (Doc. No. 83-1 at 4, 48.)

The DeWitt firm continued to represent Kladek between December 13, 2021 and December 31, 2022, and billed Kladek $15,695.34 for those services.  (Doc. No. 83-1 at 34-45.)[2]  This work included answering the Complaint after the initial motion to dismiss was denied, serving initial disclosures, and preparing a discovery plan.  (*Id.* at 16-17.)

---

[1]    The facts of the case were laid out more fully in the Court's order dated July 23, 2025 (the "July 2025 Order").  (Doc. No. 75.)

[2]    Kladek suggests that amount is higher (Doc. No. 80 ¶ 7), but that amount is not supported by the invoices in the record (Doc. No. 83-1 at 34-45).

ICC asserts that on September 23, 2022, it agreed to assume Kladek's defense under a reservation of rights and appointed attorneys from the Stich Angell law firm to provide the defense. (Doc. No. 82 at 3.) On October 14, 2022, those attorneys noted their appearance in the Underlying Suit. (Doc. No. 83-1 at 17.) On December 5, 2022, ICC issued a Reservation of Rights to Kladek. (Doc. No. 83-1 at 55-65.) And on December 29, 2022, ICC brought the present lawsuit seeking a declaration that it does not owe any duty to defend or indemnify Kladek for the claims asserted against it in the Underlying Suit. (Doc. No. 1; FAC ¶ 1.) Kladek counterclaimed, seeking a determination and order from this Court that ICC has a duty to defend and indemnify Kladek against the allegations made in the Underlying Suit pursuant to the Policy. (Doc. No. 11.)

In an order dated July 31, 2023, this Court concluded that an arbitration panel should determine coverage under the Cyber Endorsement, which was subject to an arbitration agreement. (Doc. No. 44 at 10.) An arbitration panel concluded that ICC owed Kladek a duty to defend under the Cyber Endorsement. (Doc. No. 52.) Then, in the July 2025 Order, the Court determined that ICC must defend the Underlying Suit under the Businessowners Liability Coverage and granted summary judgment on the declaratory judgment counterclaim in favor of Kladek on that point. (Doc. No. 75.) Kladek now moves for an award of attorney fees and costs that were incurred both in defending the Underlying Suit and in its successful litigation in this declaratory judgment action. (Doc. No. 76.)

## DISCUSSION

### A.    Underlying Suit

Kladek was entitled to a defense in the Underlying Suit.  Kladek now seeks attorney fees for legal services provided by the DeWitt firm in defending that lawsuit up until the time ICC accepted tender and hired counsel.  When ICC assumed Kladek's defense, it agreed to pay DeWitt's fees and costs billed between December 13, 2021 (the date of tender), and the date that ICC accepted defense under a reservation of rights (September 2022) *plus* an additional three-month period, through December 2022, to allow for a transition of attorneys.  (Doc. No. 83 ¶ 8; Doc. No. 83-1 at 67.)

Kladek seeks reimbursement of pre-tender fees in the amount of $28,701.81.  In Minnesota, however, "an insured does not invoke its insurer's duty to defend until it properly tenders a defense request."  *Domtar, Inc. v. Niagara Fire Ins. Co.*, 563 N.W.2d 724, 739 (Minn. 1997).  There is no evidence that Kladek tendered a defense request before December 13, 2021, and Kladek has not otherwise offered circumstances justifying a departure from the general rule.  Therefore, Kladek is not entitled to the fees and costs incurred up until the date of tender.

In addition, Kladek seeks fees for services performed after tender through December 2022.  The record demonstrates that DeWitt billed Kladek $15,695.34 for legal services during this time period.  (Doc. No. 83-1 at 34-45, 53.)  ICC maintains that the parties' counsel came to an agreement that ICC would pay for this work but at a reduced hourly rate, and that in reliance on that agreement, ICC issued a check totaling $12,556.59 to DeWitt.  Both parties acknowledge that ICC paid $12,556.59—but dispute

4

whether the payment was a partial payment or part of an agreed upon reduced payment in full.  (Doc. No. 83 ¶¶ 8, 9; Doc. No. 80 ¶ 8.)

Because the record is unclear on whether there was an agreement that this payment would represent a payment in full, the Court concludes that ICC must pay the full $15,695.34.  Therefore, ICC owes Kladek the remaining $3,138.75.[3]

## B.    Declaratory Judgment Suit

The Court next addresses whether Kladek is entitled to fees and costs incurred in this case—the declaratory judgment action.  "Federal courts sitting in diversity apply state law when considering a motion for attorney's fees."  *Carroll Elec. Coop. Corp. v. Alltel Corp.*, 118 F.4th 934, 937 (8th Cir. 2024).  This dispute is governed by Minnesota law.  (*See* Doc. No. 80-2 at 37.)  Minnesota follows the American rule on attorneys' fees, meaning that each party bears its own fees unless there is a contractual or statutory exception.  *Buckner v. Robichaud*, 992 N.W.2d 686, 689 (Minn. 2023).

In *Morrison v. Swenson*, the Minnesota Supreme Court recognized the general rule but created an exception when the legal fees incurred in a declaratory judgment action arise directly as a result of the breach of contract.  142 N.W.2d 640, 647 (Minn. 1966).  In *Morrison*, that breach was the insurer's failure to defend.  *Id.* at 644.  After *Morrison*, courts continue to limit the *Morrison* exception to narrow circumstances.  *See Abbey v.*

---

[3]     The failure by ICC to pay the full amount does not constitute a breach of its duty to defend or reimburse.  The parties negotiated a payment, and ICC submits evidence that counsel for Kladek never claimed that additional amounts beyond the $12,556.59 paid were owing until the filing of this motion.  ICC's position that the payment was intended to be a payment in full is reasonable.

*Farmers Ins. Inc. Exch.*, 160 N.W.2d 709, 712 (Minn. 1968) (explaining *Morrison* exception is limited to damages resulting from breach of contract by the insurer's failure to defend); *see also In re Silicone Implant Ins. Coverage Litig.*, 667 N.W.2d 405, 425 (Minn. 2003) ("Attorney fees are not recoverable in declaratory judgment actions to establish that the insurer must pay the insured money."); *Garrick v. Northland Ins. Co.*, 469 N.W.2d 709, 714 (Minn. 1991) (recognizing "great equity" in a plaintiff's request for attorney fees but declining "to extend the award to cover attorney fees beyond the typical *Morrison*-type exception, *i.e.*, fees incurred as a direct loss incident to the breach of a contractual duty to defend").

Thus, the right of an insured to recover fees and costs in a successful declaratory judgment action has been recognized as an exception to the general rule in Minnesota in narrow circumstances—where "the insurer has breached the insurance contract in some respect-usually by wrongfully refusing to defend the insured." *Westfield Ins. Co. v. Kroiss*, 694 N.W.2d 102, 107 (Minn. Ct. App. 2005) (quoting *Am. Standard Ins. Co. v. Le*, 551 N.W.2d 923, 927 (Minn. 1996)).[4] Here, ICC maintains that it did not breach its duty to defend because ICC *did* defend Kladek, albeit under a reservation of rights, and,

---

[4]    In *American Standard*, the Minnesota Supreme Court held that an insured is not entitled to recover attorney fees incurred in maintaining or defending a declaratory judgment action on insurance coverage unless the insurer has breached the insurance contract in some respect, for example, by refusing to defend the insured. 551 N.W.2d at 927. And, in *American Standard*, because the insured had undertaken the defense of its insured, the insured was *not* entitled to attorney fees incurred in defense of a declaratory judgment action. *Id.*

in providing a defense, appointed counsel who defended Kladek in the Underlying Suit.
The Court agrees.[5]

Based on these facts, the Court finds that ICC did not breach its duty to defend.
Therefore, this case does not fall within the scope of the narrow *Morrison* exception and
Kladek is not entitled to recover attorney fees incurred in the declaratory action case.

## CONCLUSION

The Court concludes that Kladek has not demonstrated that it is entitled to an
award of attorney fees and costs incurred in this declaratory judgment action.  Nor is
Kladek entitled to attorney fees and costs incurred in the Underlying Suit before Kladek
tendered the defense to ICC.  The only amount that Kladek is entitled to is the difference
between the fees incurred after tender and before ICC provided a defense and the amount
already reimbursed.

---

[5]     The case law relied on by Kladek is distinguishable from the case at hand.  Kladek
points to cases where declaratory action fees were awarded to insureds, but those cases
involved insurers who either breached a duty to defend by failing to provide a defense or
by failing to reimburse when they were under a duty to defend. *See Westfield Ins. Co. v.
Miller Architects & Builders, Inc.*, No. 17-cv-400, 2018 WL 495652, at *4 (D. Minn.
Jan 19, 2018) (awarding declaratory judgment action fees to an insured where an insurer
refused to defend); *Select Comfort Corp. v. Arrowhead Indem. Co.*, No. 13-cv-2975,
2015 WL 4992351, at *7 (D. Minn. Aug. 20, 2015) (concluding that the case fell within
the *Morrison* exception where insurer under a duty to defend had agreed to reimburse the
insured for costs to select its own defense counsel but failed to reimburse insured
$407,000 of $964,252); *Chicago Title Ins. Co. v. FDIC*, 172 F.3d 601, 605 (8th Cir.
1999) (insurer under a duty to defend refused to reimburse any attorney fees and costs).

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY**

**ORDERED** that:

1.      Kladek's motion for attorney fees and costs (Doc. No. [76]) is **GRANTED**

**IN PART** and **DENIED IN PART** as follows:

        a.      ICC shall pay Kladek $3,138.75 for the remainder of the fees

incurred by Kladek after tender of the defense and before ICC accepted defense.

        b.      The remainder of Kladek's fee request is respectfully **DENIED**.


Dated:  February 18, 2026                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge

8